# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Thomas E. Brant, | Case No. 2:22-cv-01205-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| State of Nevada, | **&** |
| Defendant. | **Report and Recommendation** |

*Pro se* plaintiff Thomas E. Brant filed a motion to proceed *in forma pauperis* (ECF No. 1)[1] and a complaint (ECF No. 1-1).  Because Plaintiff's complaint is improperly brought under 42 U.S.C. § 1983 and because Plaintiff has not alleged a constitutional violation, the Court recommends dismissal of his complaint.  Because the Court recommends dismissal of his complaint, it denies Plaintiff's motion to proceed *in forma pauperis* as moot and denies his pending motion as moot.

## I.     Legal standard.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

---

[1] Plaintiff did not use the proper form to apply to proceed *in forma pauperis*.  His motion is thus defective.  Nonetheless, because Plaintiff's complaint includes the same deficiencies as similar complaints filed in other cases, the Court recommends dismissing his action and denies his motion to proceed *in forma pauperis* as moot.

1   complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

2   F.3d 1103, 1106 (9th Cir. 1995).

3          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

4   complaint for failure to state a claim upon which relief can be granted.  Review under Rule

5   12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

6   719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of

7   the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

8   *Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual

9   allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

10  elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*

11  *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations

12  contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,

13  556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory

14  allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not

15  crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550

16  U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal

17  pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding

18  that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

19         Federal courts are courts of limited jurisdiction and possess only that power authorized by

20  the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C.

21  § 1331, federal courts have original jurisdiction over "all civil actions arising under the

22  Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when

23  federal law creates the cause of action or where the vindication of a right under state law

24  necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277

25  F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the

26  "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

27  federal question is presented on the face of the plaintiff's properly pleaded complaint."

28  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

**II.     Discussion.**

Plaintiff, who is currently incarcerated at the Southern Desert Correctional Center, filed this § 1983 complaint *pro se* against the State of Nevada.  (ECF No. 1-1 at 1).  He alleges that "Senate Bill No. 182,"[2] which created the Statute Revision Commission in 1951, is unconstitutional.  (*Id.*).  He asserts that his civil rights were violated because the Commission acted unconstitutionally.  (*Id.*).  Plaintiff requests that his sentence be vacated, "Senate Bill No. 182 be removed," and any other legislation relating to the Commission be found unenforceable.  (*Id.* at 9).

However, the Commission, which is now incorporated in the broader Legislative Counsel Bureau, organizes and classifies laws to ensure that the Nevada Revised Statutes are arranged in a coherent, logical order.  *Taylor v. State*, 472 P.3d 195 (Nev. 2020).  The Commission did not exercise any legislative power or function.  *Id.*  The Court thus recommends dismissal of Plaintiff's complaint.

### *A.     Recommendation to dismiss.*

Plaintiff explicitly requests that his conviction should be vacated.  (ECF No. 1-1 at 9).  To recover damages for an unconstitutional conviction or imprisonment under a § 1983 claim, Plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff's assertion that his conviction should be vacated because of the alleged unconstitutional creation of the Commission codified by Senate Bill No. 182 is improperly brought under § 1983.  Plaintiff is a prisoner in state custody and cannot challenge "the fact of duration of his confinement" under a § 1983 claim.  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).  Rather, Plaintiff "may challenge the validity of his arrest, prosecution, and conviction only by

---

[2] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada, chapter 304, Statutes of Nevada 1951 (subsequently amended by chapter 280, Statutes of Nevada 1953 and chapter 248, Statutes of Nevada 1955).  *Legislative Counsel's Preface to* NEVADA REVISED STATUTES, at 1 (Nev. L. Libr. 2014-2020).

1   writ of *habeas corpus*." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).  This requires

2   Plaintiff to file a new action; he must file a habeas corpus petition and a new *in forma pauperis*

3   application on this Court's approved form.  Plaintiff may not file a petition for *habeas corpus* in

4   this current action.

5              **B.      *Allegations regarding the creation of the Statute Revision Commission.***

6              Plaintiff asserts that the Commission is unconstitutional because the three Nevada

7   Supreme Court Justices—Justice Merrill, Justice Badt, and Justice Eather—were improperly

8   delegated legislative powers.  (ECF No. 1-1 at 3).  Including the case at bar, at least eight

9   different actions regarding the constitutionality of the Commission has been filed in this district.[3]

10  The Nevada Supreme Court recently addressed a similar issue.[4]  *State v. Taylor*, 472 P.3d 195

11  (Nev. 2020).  There, the Court held that the Justices sitting on the Commission did not violate a

12  constitutional provision because "the Legislative Counsel Bureau – which succeeded the statute

13  revision commission – codifies and classifies" laws "in a logical order, but does not itself exercise

14  the legislative function."  *Id.* at 5.  The Court held that the district court did not err in denying

15  Taylor's claim because she failed to show how the Commission "encroached upon the powers of

16  another branch of government, violating the separation of powers."  *Id.*; *see Comm'n on Ethics v.*

17  *Hardy*, 125 Nev. 285, 291-92, 212 P.3d 1098, 1103 (2009) ("The purpose of the separation of

18  powers doctrine is to prevent one branch of government from encroaching on the powers of

19  another branch.").

20             Plaintiff's claim has a similar deficiency.  He repeatedly asserts that the creation of the

21  Commission was unconstitutional solely because the three Justices were a part of this new

22  Commission.  (ECF No. 1-1 at 3).  He fails to show how the Commission unconstitutionally

23

24  [3] *Wiling v. State of Nevada*, Case No. 2:22-cv-00795-CDS-VCF; *Perez v. State of Nevada*, Case
    No. 2:22-cv-00796-GMN-DJA; *Willing v. State of Nevada,* Case No. 2:22-cv-00733-APG-DJA;
25  *Jones v. State of Nevada*, Case No. 2:22-cv-00935-ART-BNW; *Jackson v. State of Nevada*, Case
    No. 2:22-cv-00976-MMD-EJY; *Anderson v. State of Nevada, et al*, Case No. 2:22-cv-00734-
26  GMN-VCF; and *Cardenas v. State of Nevada*, Case No. 2:22-cv-01055-GMN-VCF.
27  [4] Taylor claimed that his counsel was ineffective because they failed to challenge the
28  constitutionality of the Statute Revision Commission.  *Taylor*, 472 P.3d at 195 at 5.

Page 4 of 5

1   encroached upon another branch of government and violated the separation of powers doctrine.

2   To properly state a claim, Plaintiff must illustrate, if possible, how Justice Merrill, Justice Badt,

3   and Justice Eather "violated the constitution by serving in a nonjudicial public office" and

4   "improperly encroached upon the powers of another branch of government, violating the

5   separation of powers." *Taylor*, 472 P.3d 195 at 5.

6       Because Plaintiff's complaint does not state a claim upon which relief can be granted, the

7   Court recommends dismissal of his case.  Because the Court recommends dismissal, it denies

8   Plaintiff's application to proceed *in forma pauperis* as moot and denies as moot Plaintiff's

9   pending motion for the Court to certify his constitutional challenge.

10

11                              **RECOMMENDATION**

12       **IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be

13   **dismissed** for failure to state a claim.

14

15                                  **ORDER**

16       **IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis*

17   (ECF No. 1) is **denied as moot**.

18       **IT IS FURTHER ORDERED** that Plaintiff's pending motion for the Court to certify that

19   his constitutional challenge is complete (ECF No. 3) is **denied as moot.**

20

21       DATED: September 7, 2022

22       _____

23       DANIEL J. ALBREGTS
         UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28