# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| THOMAS E. BRANT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:22-cv-01205-GMN-DJA |
| vs. | ) | |
| | ) | **ORDER** |
| STATE OF NEVADA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is Plaintiff Thomas E. Brant's ("Plaintiff's") Objection, (ECF No. 5), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 4), recommending that the Court dismiss Plaintiff's Complaint, (ECF No. 1-1), with prejudice for failure to state a claim upon which relief can be granted.

Also pending before the Court is Plaintiff's Motion to Change Venue, (ECF No. 6), Motion for Default Judgment, (ECF No. 7), Motion to Amend, (ECF No. 8), Motion to Answer, (ECF No. 9), Second Motion for Default Judgment, (ECF No. 10), and Motion for Transport to Hearing, (ECF No. 11).

For the reasons discussed below, the Court **DENIES** Plaintiff's Objection, **ADOPTS in full** the Magistrate Judge's Report and Recommendation, and **DENIES as moot** Plaintiff's Motion to Change Venue, Motion for Default Judgment, Motion to Amend, Motion to Answer, Second Motion for Default Judgment, and Motion for Transport to Hearing.

///

///

///

///

I.     **BACKGROUND**

This case arises out of Plaintiff's contention that "Senate Bill No. 182," which created

the Statute Revision Commission (the "Commission") in 1951, is unconstitutional.[1] (Compl.

1:11–28, ECF No. 1-1).  Plaintiff, who is currently incarcerated at Southern Desert Correctional

Center, argues that the inclusion of three Nevada Supreme Court Justices to the Commission—

Justices Merrill, Badt, and Eather—improperly delegated legislative powers to the judiciary,

rendering the Commission unconstitutional. (*Id*. 2:1–3:28).  According to Plaintiff, the

Commission revised and compiled various statutes, including those on voting ballots. (*Id*. 4:1–

27).  Plaintiff thereby asserts that he was wrongfully convicted in state court because the judge

who presided over his case was "never voted for" due to the Commission's work on voting

ballets. (*Id*.).  Plaintiff contends the Commission's actions violated his constitutional rights to

Procedural Due Process, Substantive Due Process, and the Equal Protection Clause of the

Fourteenth Amendment, in addition to violating the Judicial Code of Conduct. (*Id*. 4:7–26, 7:1–

8:28).

On July 27, 2022, Plaintiff filed the instant action, seeking to: (1) vacate his sentence; (2)

remove Senate Bill No. 182 so that it can no longer affect anyone; (3) remove any work derived

from Senate Bill No. 182; (4) receive payment of a "prevailing wage" for every hour he was

incarcerated; and (5) have federal charges brought against every authority that had notice of

Senate Bill No. 182's supposed effects on voting documents in violation pursuant to 42 U.S.C.

§ 1985. (*Id*. 9:1–28).  The Magistrate Judge entered a Report and Recommendation,

recommending dismissal of Plaintiff's Complaint for failure to state a claim upon which relief

could be granted. (*See* R&R 3:1–5:9, ECF No. 4).  On September 7, 2022, Plaintiff filed the

---

[1] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada of chapter 304, Statutes of Nevada 1951 (subsequently amended by chapter 280, Statutes of Nevada 1953 and chapter 248, Statues of Nevada 1955).  *Legislative Counsel's Preface* to Nevada Revised Statutes at 1 (Nev. L. Libr. 2014-2020).  Legislative Counsel's Preface to the Nevada Revised Statutes (state.nv.us).

present Objection to the Magistrate Judge's Report and Recommendation. (*See generally* Obj.,
ECF No. 5).  The Court discusses the Magistrate Judge's Report and Recommendation as well
as Plaintiff's Objection below.

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a
United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);
D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo*
determination of those portions of the Report and Recommendation to which objections are
made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or
recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III.   DISCUSSION

As stated, the Magistrate Judge recommends that the Court dismiss with prejudice
Plaintiff's Complaint. (R&R 4:6–7:18).  Plaintiff objects, arguing that the Magistrate Judge
erred in concluding that he is challenging the validity of his conviction and committed several
procedural errors. (Obj. 2:12–2:21).  The Court will first examine the Magistrate Judge's
reasoning.

### A.  Sections 1983 Claim

In the Report and Recommendation, the Magistrate Judge noted that Plaintiff's
Complaint directly attacks the validity of his criminal conviction. (R&R 3:14–4:4).  The
Magistrate Judge further observed that Plaintiff improperly brought a § 1983 claim challenging
"the fact or duration of his confinement" because he may only challenge the validity of his
arrest, prosecution, and conviction through a writ of habeas corpus. (*Id*.).  In response, Plaintiff
argues that he is not challenging his underlying conviction, but rather, the facial validity of
Senate Bill 182. (Obj. at 5–6).

///

If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–84 (1994).  Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").  *Heck* is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transactions." *Heck*, 512 U.S. at 114.

Despite Plaintiff's contention that he is not challenging his underlying conviction, (Obj. 5–6), his Complaint specifically requests that the Court "vacate [his] sentence under defective judgment of conviction" because the judge who presided over his case was never voted for due to the Commission's work on voting ballets. (Compl. 9:1–5, ECF No. 1-1).  Plaintiff's Complaint confirms that he is attacking the validity of his state criminal conviction. Accordingly, the Magistrate Judge did not clearly err in recommending that Plaintiff's Complaint be dismissed pursuant to the *Heck* doctrine.

///

///

///

///

///

**B. Senate Bill 182**

The Magistrate Judge further found that Plaintiff failed to allege how the three Nevada Supreme Court Justices were unconstitutionally delegated legislative powers. (R&R 4:6–5:9). Including the case at bar, at least ten different actions regarding the Commission have been filed in this District.[2]  Each of these challenges was unsuccessful.

The Magistrate Judge began by observing that the Supreme Court of Nevada recently addressed a similar issue in *State v. Taylor*, 472 P.3d 195 (Nev. 2020) (table). (R&R 4:6–19). In *Taylor*, the appellant claimed that his counsel was ineffective because they failed to challenge the constitutionality of the Statute Revision Commission. *Id*. at 195 at 5.  There, the court held that the Justices sitting on the Commission did not violate a constitutional provision because "the Legislative Counsel Bureau — which succeeded the statute revision commission — codifies and classifies" laws "in a logical order, but not itself exercising the legislative function." *Id*.  The Court held that the trial court did not err in denying the appellant's claim because she failed to show how the Commission "encroached upon the powers of another branch of government, violating the separation of powers." *Id*.; *see Comm'n of Ethics v. Hardy*, 212 P.3d 1098, 1103 (2009) ("The purpose of the separation of powers doctrine is to prevent one branch from encroaching on the powers of another branch.").  The Magistrate Judge explained that despite Plaintiff's "repeated[] assert[ions] that the creation of the Commission was unconstitutional solely because the three Justices were a part of this new Comission[] he

---

[2] *See Lucio v. Nevada*, No. 2:22-cv-01088, 2022 WL 3211544 (D. Nev. Aug. 9, 2022); *Brant v. Nevada*, No. 22-cv-01205, 2022 WL 4111002 (D. Nev. Sept. 7, 2022); *Anderson v. State of Nevada*, No. 2:22-cv-00734, 2022 WL 4985672 (D. Nev. Oct. 3, 2022); *Willing v. State of Nevada*, No. 2:22-cv-00795-VCM-CDS; *Willing v. State of Nevada*, No. 2:22-cv-00733, 2022 WL 3084433 (D. Nev. Aug. 3, 2022); *Jones v. State of Nevada*, No. 22-cv-00935; *Jackson v. State of Nevada*, No. 2:22-cv-00976-MMD-EJY; *Wilson v. State of Nevada*, No. 2:22-cv-00978, 2022 WL 7553743 (D. Nev. Oct. 13, 2022); *Cardenas v. State of Nevada*, No. 2:22-cv-01055, 2022 WL 3903404 (D. Nev. Aug. 29, 2022); *Downing v. Wilson*, No. 2:16-cv-02132, 2017 WL 3382562 (D. Nev. Mar. 27, 2017).

1   fails to show how the Commissions unconstitutionally encroached upon on another branch of

2   government and violated the separation of powers doctrine." (R&R 4:20–5:1).

3       The Court agrees with the Magistrate Judge's analysis.  Here, Plaintiff failed to explain

4   how the Commission unconstitutionally encroached upon another branch of government and

5   violated the separation of powers doctrine. (*Id*.).  Plaintiff's Objection contains conclusory

6   assertions which are insufficient to illustrate how Justice Merrill, Justice Badt, and Justice

7   Eather violated the "constitution by serving in a nonjudicial public office" and "improperly

8   encroached upon the powers of another branch of government, violating the separation of

9   powers." *Taylor*, 472 P.3d at 195 at 5.

10      **C.  Plaintiff's Procedural Objections**

11      As previously mentioned, Plaintiff alternatively argues that the Magistrate Judge

12  committed several procedural errors in the Report and Recommendation.  Plaintiff contends

13  that the Magistrate Judge failed to certify to the Nevada Attorney General the existence of a

14  constitutional question pursuant to Fed. R. Civ. P. 5.1. (Obj. at 4).  Additionally, Plaintiff

15  argues that the Magistrate Judge committed "countless misrepresentations of the facts" in

16  violation of Fed. R. Civ. P. 60(b)(3), (Obj. at 10), and that his evident bias and partiality

17  necessitates not only his disqualification, but the disqualification of all judges in the United

18  States District Court for the District of Nevada pursuant to 28 U.S.C. § 455. (*Id*. at 3–4, 10–11).

19  Based on the bias and partiality which permeates throughout the "Nevadan authorities,"

20  Plaintiff further maintains that a change of venue is warranted pursuant to 28 U.S.C. § 1412.

21  (*Id*. at 4). The Court will first examine Plaintiff's argument under Fed. R. Civ. P. 5.1.

22  ///

23  ///

24  ///

25  ///

1     **1.     Fed. R. Civ. P. 5.1**

2     As stated, Plaintiff contends that the Magistrate Judge failed to certify to the Nevada

3     Attorney General the existence of a constitutional question pursuant to Fed. R. Civ. P. 5.1.

4     (Obj. at 4).

5     Fed. R. Civ. P. Rule 5.1 is intended to give the attorney general (whether of the United

6     States or a state) a chance to intervene to defend the constitutionality of a statute before the

7     Court declares it unconstitutional. *See* Fed. R. Civ. P. 5.1 Advisory Committee Notes ("The

8     notice of constitutional question will ensure that the attorney general is notified of

9     constitutional challenges and has an opportunity to exercise the statutory right to intervene at

10    the earliest possible point in the litigation."); Fed. R. Civ. P. 5.1(c) ("Before the time to

11    intervene expires, the court may reject the constitutional challenge, but may not enter a final

12    judgment holding the statute unconstitutional.").  Fed. R. Civ. P. 5.1(a)(1)(B) provides that

13    when a plaintiff questions the constitutionality of a state statute and the parties *do not* include

14    the state or one of its agencies or officers in an official capacity, the court must certify to the

15    state's attorney general that a statute has been constitutionally challenge. Fed. R. Civ. P.

16    5.1(a)(1)(B), (b) (emphasis added).

17    Here, the State of Nevada is a named defendant.  Therefore, the certification

18    requirement under Rule 5.1 is already satisfied. *See United States v. Roberts*, No. 4:12-cr-

19    40026, at *3 (W.D. Ark. Oct. 25, 2016) (noting that the notice requirement of Rule 5.1 was

20    satisfied where "the United States is already a party to [the] action"); *Daniels v. United States*,

21    No. 08-cv-00104, 2011 WL 13290259, at *4 (D. Haw. Nov. 28, 2011) (same).

22    ///

23    ///

24    ///

25    ///

### 2.  Fed. R. Civ. P. 60(b)(3)

Plaintiff argues that the Magistrate Judge violated Fed. R. Civ. P. 60(b)(3) by committing "countless misrepresentations of the facts." (Obj. at 10).  Specifically, Plaintiff alleges that the Magistrate Judge committed "fraud, knowingly and intelligently," by finding that Plaintiff's claim was improperly brought under 42 U.S.C. § 1983. (Obj. at 2).  Plaintiff further argues that the Magistrate Judge violated Rule 60(b)(3) because the Magistrate Judge's adverse ruling misconstrued his argument and failed to recognize the merits of his position. (*Id.* at 3–8).

Pursuant to Rule 60(b)(3), a party may move for reconsideration of a final judgment on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).  "To prevail [on a Rule 60(b)(3) motion], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citation omitted).

Here, Plaintiff misunderstands the purpose of Fed. R. Civ. P. 60(b)(3).  The thrust of Plaintiff's argument is that the Magistrate Judge misrepresented his claim by construing it as a challenge to the underlying crime which led to his current incarceration. (Obj. 3:25–28, 5:9–27).  Rule 60(b)(3) is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho*, 206 F.3d at 880.  The merits of a case are not before the court on a Rule 60(b) motion. *Casey v. Albertston's Inc.*, 362 F.3d 1254, 1261 (9th Cir. 2004).  Plaintiff has provided no evidence that the Magistrate Judge's Report and Recommendation was unfairly obtained.  Moreover, for the reasons set forth above, the Court finds that the Magistrate Judge did not clearly err in finding that Plaintiff's claim is precluded by the *Heck* doctrine.

### 3.  Disqualification Pursuant to 28 U.S.C. § 455

Plaintiff also asserts that the Magistrate Judge has shown prejudice and bias towards him, such that his disqualification, as well as the disqualification of all of the district court judges in the United States District Court for the District of Nevada, is necessary. (Obj. at 3–4).

Under 28 U.S.C. § 455, a judge must be disqualified "in any proceeding in which [his or her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).  "The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Harris v. Ramirez*, No. 22-cv-01568, 2022 WL 2674207, at *2 (N.D. Cal. June 3, 2022).  As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *Id.* (citation omitted).  Judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (explaining that a court's adverse rulings are not an adequate basis for recusal).

The crux of Plaintiff's argument is that the Magistrate Judge, having recommended this action be dismissed, must therefore be prejudiced or biased against Plaintiff. (Obj. at 3–4). However, adverse rulings alone do no provide grounds for disqualification. *See Liteky*, 510 U.S. at 541 ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion.").  Plaintiff provides no facts by which a reasonable person would conclude that the Magistrate Judge's impartiality might reasonably be questioned. (*See generally* Obj.). Further, to the extent that Plaintiff seeks to disqualify all judges within the United States District Court for the District of Nevada, he fails to offer any facts or details that would warrant disqualification.  The Court advises Plaintiff that adverse "[judicial rulings] are proper grounds for appeal, not for [disqualification]." *Litkey*, 510 U.S. at 455; *see also Nichols v. Alley*, 71 F.3d

1   347, 351 (10th Cir. 1995) (listing "various matters not ordinarily sufficient to require § 455(a)

2   recusal" to include "prior rulings in the proceeding, or another proceeding, solely because they

3   were adverse").  Accordingly, the Court finds that Plaintiff has failed to demonstrate

4   circumstances showing personal bias or those that would inspire a reasonable person to

5   question the Magistrate Judge's or the District of Nevada's impartiality.[3]

6         In sum, the Court denies Plaintiff's Objection and adopts the Magistrate Judge's

7   recommendation that Plaintiff's Complaint be dismissed with prejudice for failure to state a

8   claim as a matter of law.

9   ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23

24

25

---

[3] Plaintiff's argument that a change of venue is necessary pursuant to 28 U.S.C. § 1412 because the "Nevadan authorities have shown clear and convincing prejudice to warrant it" is similarly denied (Obj. at 4).  Plaintiff's reference to the Magistrate Judge's alleged bias neither establishes that the interest of justice nor the parties' convenience necessitates a change of venue.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 5), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 4), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 1-1), is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Change Venue, (ECF No. 6), Motion for Default Judgment, (ECF No. 7), Motion to Amend, (ECF No. 8), Motion to Answer, (ECF No. 9), Second Motion for Default Judgment, (ECF No. 10), and Motion for Transport to Hearing, (ECF No. 11), are **DENIED as moot**.

The Clerk of Court is instructed to close the case and enter judgment accordingly.

**DATED** this  30  day of January, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT